No. 3216.—EMILY C. HOPGOOD and Husband *v.* PENELOPE A. DAWSON, etc.

The failure to cite a party in her proper capacity in a suit to revive a judgment will render void the judgment of revival. Therefore, if it be shown that the judgment of revival is null because no proper and legal citation was served on the defendant, the heirs who have appeared in the suit by way of intervention, may plead that it is prescribed because it has not been revived.

APPEAL from the Fifth District Court, parish of East Feliciana. *Posey*, J. *Cross & Hardee*, for plaintiff and appellant. *Charles McVea*, for defendant and appellee.

HOWE, J. In this case two actions were consolidated in the court below; the one begun in 1869 to enforce against the defendant in her own right and as tutrix the payment of a judgment against her deceased husband, W. W. Dawson, rendered on the twenty-second November, 1860; the other to revive the said judgment as against the succession of W. W. Dawson. The petition to revive was filed on the twelfth September, 1870, and the prayer asked for the citation of the defendant in her capacity of administratrix, and not otherwise. The citation was issued, addressed to her "personally and as tutrix," and was served September 21, 1870. Mrs. Wildblood and Mrs. Wicker intervened on the nineteenth January, 1871, alleging themselves to be major heirs of W. W. Dawson, and made the plea of prescription of ten years. On the twenty-seventh January, 1871, the defendant coming in as administratrix, and for this purpose only, made what was called a "motion to strike out a default," upon the ground that there had been no proper citation against her as administratrix. On the same day the cause was tried, and judgment was thereafter rendered

against plaintiff and in favor of defendant on the ground, that " the judgment on which the suits are based, had not been revived in accordance with law and for want of proper citation." The plaintiff appealed. The defendant, personally and as tutrix, has filed in this court the same plea of prescription of ten years made by the intervenors in the court below.

The plea of prescription is well taken. The judgment was prescribed November 22, 1870, and was not revived by citation to the "defendant" in the judgment "or his representative," as required by law. R. S. 2813. The citation served on Mrs. P. A. Dawson, personally and as tutrix, was not a citation to W. W. Dawson "or his representative."

Judgment affirmed